|   |   |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE WILLIAM MORATTI,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, et al.

    Defendants.

CASE NO. 3:20-cv-05250-RBL-JRC

ORDER TRANSFERRING CASE

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge J. Richard Creatura. Plaintiff, proceeding *pro se*, initiated this lawsuit on March 16, 2020. *See* Dkt. 1. Because plaintiff's proposed complaint raises claims related to his medical treatment at Airway Heights Corrections Center in Spokane, Washington the Court orders that this case be transferred to the Eastern District of Washington.

**BACKGROUND**

Plaintiff is currently housed at Snohomish County Jail. Dkt. 1-1. Plaintiff alleges that his Eighth Amendment rights were violated when Department of Corrections' ("DOC") employees failed to provide adequate medical treatment while he was housed at Airway Heights Corrections

1  Center ("AHCC") in Spokane, Washington. *See* Dkt. 1-1. The Court has not granted plaintiff *in*

2  *forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of

3  process. No defendant has appeared in this action.

## DISCUSSION

5  Venue may be raised by the court *sua sponte* where the defendant has not filed a

6  responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486,

7  1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1)

8  the district in which any defendant resides, if all of the defendants reside in the same state; (2)

9  the district in which a substantial part of the events or omissions giving rise to the claim

10 occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a

11 judicial district in which any defendant may be found, if there is no district in which the action

12 may otherwise be brought. *See* 28 U.S.C. § 1391(b).

13 When venue is improper, the district court has the discretion to either dismiss the case or

14 transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). An order transferring venue

15 pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-

16 dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. §

17 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).

18 Here, it is clear from plaintiff's proposed complaint that his claims arise out of actions

19 committed at AHCC. Dkt. 1-1. AHCC is located in Spokane, Washington, which is within the

20 venue of the Eastern District of Washington. *See* 28 U.S.C. §§ 128(a).  The only defendant

21 residing in the Western District of Washington is the DOC. Dkt. 1-1. *But see Howlett v. Rose*,

22 496 U.S. 356, 365 (1990) (for the purposes of § 1983, a state or an agency that is an arm of the

23 state is not a "person" under § 1983); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)

24

(concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment). Therefore, the Court concludes that venue is improper.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. At this time, the Court does not find the proposed complaint is meritless. Further, dismissing the case and directing plaintiff to refile in the Eastern District of Washington would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

## Conclusion

The Court finds venue is improper and the interests of justice require this case be transferred to the proper venue. Accordingly, the Court orders this case be transferred to the Eastern District of Washington in Spokane and the case be closed.

In light of the transfer, the Court defers to the Eastern District of Washington with respect to plaintiff's Application to Proceed IFP (Dkt. 1).

Dated this 15th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge