UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYLE WILLIAM MORATTI,<br><br>          Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, AIRWAY HEIGHTS CORRECTIONS CENTER, RN N. ROBINSON, RN G. TROUTT, and DR. D. FETROE,<br><br>          Defendants. | NO: 2:20-CV-0153-TOR<br><br>ORDER DENYING MOTION TO RECONSIDER |

BEFORE THE COURT are Plaintiff Kyle William Moratti's *pro se* Motion to Reconsider, ECF No. 17; a proposed First Amended Complaint, ECF No. 17-1; and a Declaration, ECF No. 17-2. The Motion was considered without oral argument on the date signed below.

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule

ORDER DENYING MOTION TO RECONSIDER -- 1

60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Here, no grounds for reconsideration exist.

On July 6, 2020, the Court dismissed Plaintiff's Complaint with prejudice and indicated that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g), as Plaintiff had failed to amend his complaint to state a claim upon which relief may be granted. ECF No. 13 at 1-2. Plaintiff asserts that the "dates on the order to dismiss are wrong," because it stated that he had sixty days from May 30, 2019 to amend, when he did not file this lawsuit until April 2020. ECF No. 17 at 1. He further contends that July 6, 2020 was only 36 days from May 30, 2020. *Id.*

Plaintiff has correctly identified a typographical error in the Court's Order of Disimissal filed at ECF No. 13. The Order to Amend or Voluntarily Dismiss was entered on April 27, 2020, ECF No. 8, rather than on May 30, 2019. Plaintiff, however, still did not amend or voluntarily dismiss within the seventy days he was granted after April 27, 2020. He admits that he received the Order "10 days after it

ORDER DENYING MOTION TO RECONSIDER -- 2

was filed," ECF No. 17 at 2, and he did not request an extension of time to comply with the Order to Amend or Voluntarily Dismiss. An obvious clerical error in the Order of Dismissal does not entitle Plaintiff to reconsideration.

Nevertheless, the Court has reviewed Plaintiff's proposed First Amended Complaint, ECF No. 17-1, and finds that it fails to cure the deficiencies of the initial complaint. Clearly, Plaintiff's allegations that he was provided no medical treatment for his enlarged testicle in 2013 are time-barred. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). Reconsideration is not warranted in this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Reconsider, ECF No. 17, is **DENIED**.

2. The file remains **CLOSED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**DATED** September 3, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO RECONSIDER -- 3